THIERRY v. OSWELL.     (1 Div. 304.)

(Supreme Court of Alabama.   Jan. 22, 1925.)

1. Negligence ⚌117 — Plea of contributory negligence held to show causal connection between going into known place of danger and drowning at bathing resort.

In action for death by drowning at defendant's bathing resort, plea that decedent knew there was dangerously deep water at end of pier, but went to end of pier and fell into deep water, when taken in connection with complaint held to cover case of going to end of pier through shallow water, and sufficiently to show a causal connection between going into a known place of danger and fatal result.

2. Negligence ⚌117 — Plea of contributory negligence held sufficient in absence of averment bathing resort pier was defectively constructed.

In action for death by drowning at defendant's bathing resort, plea that decedent knew there was dangerously deep water at end of pier, but went to end of pier and fell into deep water, if construed as covering case of falling from pier, held sufficient, in absence of averment that pier was defectively constructed.

3. Appeal and error ⚌1040(13) — Any error in overruling demurrer to defendant's plea of contributory negligence harmless, where no issue of falling from pier was before jury.

In action for death by drowning at defendant's bathing resort, any error in overruling demurrer to defendant's plea that decedent knew there was dangerously deep water at end of pier, but went to end of pier and fell into deep water, was harmless, where no issue of falling from pier was before jury.

4. Negligence ⚌117 — Plea warning was given "shortly beforehand" held sufficient as to time of warning.

In action for death of one drowned at defendant's bathing resort, plea that decedent was given warning "shortly beforehand" of dangerously deep water held to refer to conditions named in complaint and sufficient as to time of warning.

5. Negligence ⚌117 — Plea of contributory negligence, held to import knowledge of dangerously deep water.

In action for death of one drowned at defendant's bathing resort, plea that decedent knew that hole was dangerously deep, and that nevertheless she went into hole and was drowned, held by reference to fairly import a warning of dangerously deep water described in complaint.

6. Negligence ⚌117 — Plea of contributory negligence held to import warning of dangerously deep water.

In action for death of one drowned at defendant's bathing resort, plea that decedent, being unable to swim and having been warned or told that swimming hole was dangerously deep, nevertheless went into hole and was drowned held, by reference, to fairly import a warning of dangerously deep water described in complaint.

7. Trial ⚌139(1) — Probative force of evidence is for jury.

The probative force of evidence is for jury.

8. Negligence ⚌139(4) — Charge hypothesizing knowledge of existence of deep hole and failure to use ordinary care held properly given.

In action for death of one drowned at bathing resort, charge hypothesizing knowledge of existence of deep swimming hole referred to in complaint, and failure to use ordinary care to avoid same, held properly given.

9. Negligence ⚌139(4) — Charge hypothesizing notice of danger held proper under evidence.

In action for death of one drowned at bathing resort, charge hypothesizing notice of danger of going into deep swimming hole, and failure to use ordinary care to avoid danger, held warranted by evidence.

10. Negligence ⚌66(1) — Defendant not liable, if decedent notified of danger of dangerously deep swimming hole in time to avoid it by ordinary care.

Though one drowned at defendant's bathing resort may have had no previous knowledge of existence of dangerously deep swimming hole in which she was drowned, if she was notified of danger in time to avoid it by ordinary care, defendant would not be liable.

11. Trial ⚌256(2) — If charge misleading for want of certainty, remedy was by explanatory charge.

If a charge was misleading for want of certainty, remedy was by an explanatory charge.

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**12. Negligence ⊜⊃121(1)—Burden of proof on plaintiff.**

In action for death of one drowned at bathing resort, burden was on plaintiff to prove defendant's negligence with respect to dangerously deep swimming hole, and that such negligence was proximate cause of fatal injury.

**13. Appeal and error ⊜⊃1064(4)—Giving of charge using words "proximate cause" where "proximate result" was meant held not reversible error.**

Giving of a charge using words "proximate cause" where "proximate result" was meant was so self-correcting as not to render it reversible error.

**14. Trial ⊜⊃228(1)—Instruction should clearly state law as applied to evidence in case before jury.**

There is no fixed formula for written instructions, but they should clearly state the law as applied to evidence in case before jury and, if facts hypothesized show causal connection within themselves, that is sufficient.

**15. Negligence ⊜⊃141(8) — Charges on contributory negligence held not erroneous, though omitting averments negligence proximately contributed to injury.**

In action for death of one drowned at bathing resort, charges predicating a verdict for defendant on plaintiff's contributory negligence in going into deep water were not erroneous, though omitting averments that such negligence proximately contributed to the drowning, since going into deep water was unquestioned cause of drowning.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action for damages by F. J. Thierry against R. H. Oswell. Judgment for defendant, and plaintiff appeals. Affirmed.

The suit is by the father for wrongful act, omission, or negligence causing the death of his minor child. Code 1907, § 2485 (Code 1923, § 5695). On the trial below there was jury and verdict for defendant. Plaintiff appeals and presents for review rulings on demurrers to certain pleas of contributory negligence, and written charges given for defendant.

The case went to the jury on count 1 and amended counts 2, 3, and 4.

Amended count 3 is as follows:

"Plaintiff claims of the defendant the further sum of $25,000, for that heretofore during, to wit, the spring and summer of 1922, the defendant, R. H. Oswell, was operating a public bathing and pleasure resort, constructed at Bayview, on the western shore of Mobile Bay, in Mobile county, Ala., and as a part of said resort caused a wharf or pier to be erected from the beach out into the waters of Mobile Bay for the distance of about 400 feet, and caused bathhouses to be built in connection with said wharf, and a chute the chutes, all for the purpose of attracting the patronage of the public to said resort, and plaintiff further alleges that the waters of Mobile Bay at and around said pier and the end thereof were very shoal, and for that reason safe for bathers, and for the same reason, viz. that said waters were very shoal, there was no diving hole or place suitable for diving at or adjacent to said pier, and plaintiff alleges that the defendant, who was operating said resort, for the purpose of providing a diving and deep swimming hole at said pier, so as to attract to the resort such of the public as might wish to indulge in the sport of diving and deep water swimming, caused a deep swimming or diving hole to be dug or dredged in the bay immediately adjacent to the end of said pier, and plaintiff alleges that the said swimming or diving hole was so deep as to be dangerous to bathers who could not swim, and that the defendant had knowledge that said bathing resort was being largely patronized by children and by others who were unable to swim, and negligently failed to mark or stake off said hole, or to provide safeguards or adequate warnings so as to prevent bathers falling into said hole, or to give them notice of its existence and extent.

"And plaintiff alleges that on, to wit, August, 11, 1922, a member of his family, viz. Alvira M. Thierry, plaintiff's minor daughter, then about 16 years of age, was a patron of said public bathing resort, and had paid the admission thereto and that, when in bathing in Mobile Bay from said pier, and while so bathing, the said Alvira M. Thierry, who was unable to swim, fell or walked into said diving or swimming hole and was drowned.

"And plaintiff alleges that the death of his said daughter was proximately caused by the negligence of the defendant in failing to mark or stake off said hole, provide safeguards at such hole or give or provide adequate warnings so as to prevent bathers falling into said hole, or give them notice of its existence and location."

The conditions described in this count are substantially repeated in the other counts.

The death of plaintiff's daughter is ascribed:

In count 1, to negligence of defendant in failing to guard or mark or point out the deep water hole so as to give notice of its location and extent.

In amended count 2, to negligence in dredging the hole and allowing it to remain without inclosure, barrier, or other reasonable precautions to protect bathers from falling into and drowning therein.

In count 4, to negligence of the defendant in failing to take or cause to be taken reasonable precautions to prevent bathers who could not swim from drowning in said hole, notwithstanding defendant knew that women, children, and bathers who could not swim were almost daily, in fairly large numbers, using said pier, and bathing in close proximity to the hole.

Special pleas of contributory negligence, to which demurrers were overruled, and here presented, are as follows:

"(D) The plaintiff's said daughter, Alvira M. Thierry, was herself guilty of negligence which proximately contributed to her own injury or death, in this that, although she knew of the fact that there was water so deep as to be dangerous to persons who could not swim at the end of the said pier, and although she could not swim, she heedlessly and recklessly went to the end of said pier, fell into said deep water, and was drowned."

"(I) The plaintiff's said minor daughter, Alvira M. Thierry, was herself guilty of negligence which proximately contributed to her own injury or death in this that, being unable to swim, and having been warned or told shortly beforehand that said diving or swimming hole was dangerously deep, and it was dangerously deep to bathers who could not swim, she nevertheless went into said hole, knowing that she could not swim, and was drowned."

"(J) Plaintiff's said minor daughter, Alvira M. Thierry, was herself guilty of negligence which contributed proximately to her own death or injury, in this that, being unable to swim, and having been warned or told shortly beforehand that said hole was dangerously deep, and it was dangerously deep to persons who could not swim, being of the depth of, to wit, over her head, she got partially upon or took hold of a floating log and went thus into said deep hole, and while in said deep hold [hole] of water she slipped from, or let go her hold on, said log, fell in said deep hole of water and was drowned."

Defendant's given charges numbered 7 and 8 read:

"(7) The court charges the jury that, if you find from the evidence that the defendant was negligent as charged in the complaint, yet if you further find from the evidence that plaintiff's daughter, Alvira M. Thierry, had knowledge of the existence of the diving or swimming hole referred to in the complaint, and failed to use ordinary care to avoid the same, then plaintiff is not entitled to recover in this case, and it is your duty to find a verdict for the defendant."

"(8) The court charges the jury that if you find from the evidence that the defendant was negligent as charged in the complaint, yet if you further find that plaintiff's daughter, although she did not know of the existence of the diving or swimming hole referred to in the complaint, was notified of the danger in time to have avoided the injury, and did not use ordinary care to avoid the danger, then plaintiff cannot recover in this case, and you should find a verdict for the defendant."

The grounds of demurrer to pleas and the substance of other given charges are sufficiently shown in the opinion.

Outlaw & Kilborn, of Mobile, for appellant.

Plea D was demurrable for failure to allege facts to demonstrate that plaintiff's intestate was guilty of negligence proximately contributing to her death. A. G. S. v. Molette, 207 Ala. 624, 93 So. 644; Ala. Chem. Co. v. Niles, 156 Ala. 298, 47 So. 239; Sloss Co. v. Harrison, 200 Ala. 281, 76 So. 47; K. C. M. & B. v. Burton, 97 Ala. 240, 12 So. 88.

Demurrer to plea I should have been sustained. 29 Cyc. 525; Crescent Motor Co. v. Stone, 208 Ala. 137, 94 So. 78; Tallassee Mfg. Co. v. Moore, 158 Ala. 356, 48 So. 593; U. S. C. I. P. & Co. v. Granger, 162 Ala. 637, 50 So. 159; Jones v. Pioneer M. & M. Co., 149 Ala. 402, 42 So. 998; I. C. R. R. v. Lowery, 184 Ala. 443, 63 So. 952, 49 L. R. A. (N. S.) 1149; A. G. S. v. Brooks, 135 Ala. 401, 33 So. 181; Simmerman v. Hills Creek Coal Co., 170 Ala. 553, 54 So. 426. Charges given for appellee fail to hypothesize that the negligence of intestate proximately contributed to her death, and were erroneously given. Adams v. Crimm, 177 Ala. 279, 58 So. 442; B. R., L. & P. Co. v. Fisher, 173 Ala. 623, 55 So. 995; L. & N. v. Mertz Co., 149 Ala. 561, 43 So. 7; B. R., L. & P. Co. v. Fox, 174 Ala. 657, 56 So. 1013; B. R., L. & P. Co. v. Jones, 146 Ala. 277, 41 So. 146; McCaa v. Thomas, 207 Ala. 211, 92 So. 414.

Robert H. McConnell and H. Embree Smith, both of Mobile, for appellee.

The verdict was authorized by facts under the general issue, and will be affirmed, notwithstanding any error in overruling demurrer to special pleas and in giving instructions relating to such special pleas. Shahan v. A. G. S., 115 Ala. 181, 22 So. 449, 67 Am. St. Rep. 20; Morton v. Bradley, 30 Ala. 683; Raney v. Raney, 80 Ala. 157; Foster v. Foster, 70 Ala. 249; Betts v. Gahagan, 212 F. 120, 128 C. C. A. 636; C. of G. v. White, 175 Ala. 60, 56 So. 574. The damage will be referred to the last proximate cause. L. & N. v. Quick, 125 Ala. 553, 28 So. 14; Reiter-Connolly Mfg. Co. v. Hamlin, 144 Ala. 192, 40 So. 280; M. L. & R. Co. v. Brewing Co., 146 Ala. 404, 41 So. 17.

BOULDIN, J. [1-3] Plea (D) avers that the deceased knew there was dangerously deep water at *the end of the pier*. The location is thus shown with the same certainty as in the complaint. Such knowledge would call for ordinary care against such danger around the end of the pier, or on either side of it at that point. It would call for a lookout for a danger zone at and about the end of the pier. Taken in connection with the complaint, it covers the case of going to the end of the pier through the shallow water of the bay, and sufficiently shows a causal connection between the going into a known place of danger and the fatal result. If the plea be construed as covering a case of going out on the pier over water known to be dangerously deep, and there falling from the pier, it would be sufficient, in the absence of averment that the pier was defectively constructed. The gravamen of the complaint is negligence in the matter of warnings and precautions against drowning of persons while bathing in the bay. Moreover, the undisputed evidence is that Miss Thierry was in the water, and not on the pier, when she

fell or was precipitated from a floating log into the deep water, and was drowned. No issue on falling from the pier was before the jury. Any error in rulings on this plea, as applied to a case of that sort, would be harmless here. We find no error in overruling the demurrer to this plea lettered (D).

[4-6] Plea (I) deals with the question of "warning" as a basis for a plea of contributory negligence. Its sufficiency depends upon whether such warning is shown as to give notice of a danger which, by the exercise of ordinary care, would have been avoided. We think the averment that the warning was given "shortly beforehand," referred to conditions named in the complaint, is sufficient as to the time of giving the warning. The important question is, Does the plea aver a sufficient warning? The plea avers Miss Thierry was "warned or told shortly beforehand that said diving or swimming hole was dangerously deep," and that nevertheless she went into the hole and was drowned. The court in consultation has reached the conclusion that the plea, by reference, fairly imports a warning of the dangerously deep water described in the complaint, and called for substantially the same proof as plea (D). The same holding applies to plea (J).

[7] Under the evidence as a whole, it was a question for the jury whether any warning, and, if so, the nature of it, was brought home to Miss Thierry, and whether, regardless of warning, she knew, or by the exercise of ordinary care would have known, the danger before her. A discussion of the tendencies of the evidence would be out of place here. Its probative force was for the jury.

[8-11] Charge 7, given for defendant, hypothesizes knowledge of the existence of the swimming hole referred to in the complaint, and failure to use ordinary care to avoid the same. It was properly given. Charge 8 hypothesizes that deceased "was notified of the danger in time to have avoided the injury, and did not use ordinary care to avoid the danger." The evidence of Leo Hudoff was to the effect that Joe Pierson "told them where the hole was, and told them if they could not swim to keep away from it." This was at the time of getting the log before going into the deep water. This evidence tends to support the charge. Notwithstanding deceased may have had no previous knowledge of the existence of the swimming hole described in the complaint, if she was notified of the danger in time to avoid it by ordinary care, this was sufficient under the general issue. The only "danger" to which the charge can be referred, under the evidence, was going into the deep water after notice. If misleading for want of certainty, the remedy was by explanatory charge.

[12] Charges 11, 12, 13, 14, and 15 recite the averments of negligence in the several counts of the complaint, properly place the burden of proof on plaintiff as to the presence of such negligence, and that it was the proximate cause of the fatal injury.

[13] There is no error in giving either of these charges. Charge 11 might have been refused for using the words "proximate cause" where "proximate result" is meant. This, however, is so self-correcting as not to render it reversible error.

Charges 16 and 17 predicate a verdict for defendant on the facts averred in pleas (D) and (C), respectively, save that they omit the averments of the pleas that such negligence proximately contributed to the drowning. Charges 7 and 8 have a like omission.

[14, 15] There is no fixed formula for written instructions. They should clearly state the law as applied to the evidence in the case before the jury. If the facts hypothesized show the causal connection within themselves, that is sufficient. Applying this standard to these charges in the light of the issues made by the pleadings and the evidence, we find no error in them. Going into the deep water was the unquestioned cause of drowning. The issue is, by whose fault did she go there?

Charges 18 and 19 predicate a verdict for defendant upon the same facts set out in pleas (I) and (J), respectively. What we have said as to the pleas applies to these charges.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.